JOURNAL ENTRY AND OPINION *Page 4 
{¶ 1} Defendant Lovelle Cobbs appeals from his conviction for drug possession and challenges the constitutionality of the stop which preceded his arrest. For the reason set forth below, we affirm.
 {¶ 2} On October 6, 2005, defendant was arrested for possession of crack cocaine, and was later charged in a one-count indictment with drug possession. He pled not guilty and moved to suppress the evidence obtained against him, arguing that the initial stop and the search were unconstitutional. Following an evidentiary hearing, the trial court denied the motion to suppress and defendant pled no contest to the charge. The trial court found defendant guilty and sentenced him to one year of community control sanctions. Defendant now appeals and assigns the following error for our review:
 {¶ 3} "Detective Meyer engaged in an unconstitutional `Terry stop' of the appellant without reasonable and articulable suspicion that a crime had been committed."
 {¶ 4} Within this assignment of error, defendant asserts that the "Terry stop" was unsupported by a reasonable suspicion that criminal activity was afoot. In opposition, the state asserts that defendant was not seized and that the encounter was consensual.
 {¶ 5} In reviewing a trial court's ruling on a motion to suppress, we defer to the trial court's factual findings if competent, credible evidence exists to support *Page 5 
those findings. See State v. Long (1998), 127 Ohio App.3d 328, 332,713 N.E.2d 1. Accepting the facts as found by the trial court as true, the appellate court must then independently determine as a matter of law, without deferring to the trial court's conclusions, whether the facts meet the applicable legal standard. State v. Kobi (1997),122 Ohio App.3d 160, 701 N.E.2d 420.
 {¶ 6} With regard to the initial stop of defendant, we note that:
 {¶ 7} The Fourth Amendment to the United States Constitution provides in part that "[t]he right of the people to be secure in their persons * * * against unreasonable searches and seizures, shall not be violated[.]"
 {¶ 8} However, not all personal intercourse between policemen and citizens involves a seizure. Law enforcement officers do not violate theFourth Amendment by merely approaching an individual on the street or in another public place, by asking him if he is willing to answer some questions, and by putting questions to him if the person is willing to listen. Florida v. Royer (1982),460 U.S. 491, 103 S.Ct. 1319,75 L. Ed.2d 229. An investigative stop must be limited in duration and scope and can last only as long as is necessary for an officer to confirm or dispel his suspicions that criminal activity is afoot. Id "Encounters are consensual where the police merely approach a person in a public place, engage the person in conversation, request information, and the person is free not to answer and walk away." State v. Taylor (1995),106 Ohio App.3d 741, 747, 667 N.E.2d 60, citing United States v.Mendenhall (1980), 446 U.S. 544, 553, 100 S.Ct. 1870, *Page 6 64 L.Ed.2d 497. "Only when the officer, by means of physical force or show of authority, has in some way restrained the liberty of a citizen may we conclude that a `seizure' has occurred." Terry v. Ohio (1968),392 U.S. 1, 19, 88 S. Ct. 1868, 20 L.Ed.2d 889.
 {¶ 9} "The Fourth Amendment guarantees are not implicated in such an encounter unless the police officer has by either physical force or show of authority restrained the person's liberty so that a reasonable person would not feel free to decline the officer's requests or otherwise terminate the encounter." State v. Taylor, supra.
 {¶ 10} In State v. Aufrance, Montgomery App. No. 21870,2007-Ohio-2415, the court explained:
 {¶ 11} "Contact between police officers and the public can be characterized in different ways. The first manner of contact and the least restrictive is contact that is initiated by a police officer for purposes of inquiry only. `[M]erely approaching an individual on the street or in another public place[,]' asking questions for voluntary, uncoerced responses, does not violate the Fourth Amendment. UnitedStates v. Flowers (C.A. 6, 1990), 909 F.2d 145, 147. The United States Supreme Court has repeatedly held that mere police questioning does not constitute a seizure for Fourth Amendment purposes. Florida v.Bostick (1991), 501 U.S. 429, 434, 111 S.Ct. 2382, 115 L.Ed.2d 389;INS v. Delgado (1984), 466 U.S. 210, 212, 104 S.Ct. 1758,80 L.Ed.2d 247. `[E]ven when officers have no basis for suspecting a particular individual, they may generally ask questions of that individual; ask to examine the *Page 7 
individual's identification; * * * provided they do not convey a message that compliance with their request is required.' Bostick,501 U.S. at 434-35 (citations omitted). A person approached in this fashion need not answer any questions, and may continue on his or her way unfettered by any real or implied restraint, and he may not be detained even momentarily for his refusal to listen or answer. Id."
 {¶ 12} As to the subsequent search, we further note that a recognized exception to the Fourth Amendment's warrant requirement is a search conducted based on consent. Schneckloth v. Bustamonte (1973),412 U.S. 218, 93 S.Ct. 2041, 36 L. Ed. 2d 854. The state must prove that the consent was freely and voluntarily given, as demonstrated by a totality of the circumstances. Id. The essential question is whether the consent was voluntary or the product of express or implied duress or coercion, as determined from the totality of the circumstances. Id. at 227.
 {¶ 13} The standard for measuring the scope of consent under theFourth Amendment is objective reasonableness, i.e., what a typical reasonable person would have understood by the exchange between the officer and the suspect. Florida v. Jimeno (1991), 500 U.S. 248, 251,111 S.Ct. 1801, 114 L.Ed.2d 297. "Police officers act in full accord with the law when they ask citizens for consent." United States v.Drayton (2002), 536 U.S. 194, 207, 122 S.Ct. 2105, 153 L.Ed.2d 242 . Further, "a suspect may give a valid consent to a search even if the suspect is not informed that he or she has a right to refuse to consent." State v. Morris (1988), 48 Ohio App.3d 137, 139,548 N.E.2d 969. *Page 8 
 {¶ 14} In this matter, the evidence demonstrated that Euclid Police Det. Scott Meyer observed defendant waiting at a gas station. A white minivan pulled up to the pumps but the driver did not purchase gas. Defendant appeared to recognize the driver and got into the van. After a minute or two, defendant got out of the car and began walking toward nearby apartments, and the van drove off.
 {¶ 15} Det. Meyer identified himself as a police officer and asked to speak with defendant. Defendant seemed startled. Det. Meyer then asked defendant what had just happened and defendant said that he met with a guy who owed him some money. Defendant then produced some change for the officer.
 {¶ 16} Det. Meyer told defendant that it appeared as though drug activity might be involved and he asked if defendant minded if he searched his person. According to Meyer, defendant was cooperative and stated that he did not have anything. The searched yielded one rock of crack cocaine, however.
 {¶ 17} On cross-examination, Det. Meyer stated that if defendant had not agreed to speak with him initially, he believed that there was reasonable suspicion and probably would have then stopped him from proceeding on his way. He stated that he did not touch defendant.
 {¶ 18} From the foregoing, we conclude that competent credible evidence supported the trial court's determinations that the evidence was discovered following a consensual encounter and consensual search. The evidence demonstrated that the detective approached the defendant in a public place and engaged him in *Page 9 
conversation about what he had just observed. Although the officer opined that he thought the requirements for a Terry stop were satisfied in the event that defendant had not cooperated with the questioning, there is nothing in the record which established that the officer conveyed a message that compliance with his request was required. Defendant was not restrained, and there is no indication that he was impeded from continuing on his way.
 {¶ 19} As to the subsequent search, the record also supports the trial court's conclusion that the consent was freely and voluntarily given. From the totality of the circumstances, it appears that the consent was voluntary and not the product of any coercion or duress as a typical reasonable person would have understood that Det. Meyers was making a request and not a demand or order.
 {¶ 20} The assignment of error is overruled.
Affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. *Page 10 
FRANK D. CELEBREZZE, A.J., CONCURS PATRICIA ANN BLACKMON, J., DISSENTS (SEE ATTACHED DISSENTING OPINION)